IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00363-MSK-OES

GEORGIANA MARGARET MONTGOMERY-BROOKS,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, and
RANDALL BURNS,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS (#18)

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss **(#18)**. Having considered the motion, the supporting brief **(#19)**, the response **(#22)**, the response brief **(#23)**, the reply **(#25)**, the surreply **(#27)**, and the entire Court file, the Court finds and concludes as follows.[1]

### I. Jurisdiction

The Plaintiff invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Background

In this action, the Plaintiff, Georgiana Margaret Montgomery-Brooks, alleges that she was a passenger on a shuttle bus operated by the Regional Transportation District ("RTD") and driven

---

[1] The Magistrate Judge issued a recommendation **(#26)** that the motion to dismiss be granted. However, the motion to dismiss was not referred to the Magistrate Judge under 28 U.S.C. § 636. In any event, the Plaintiff objected **(#29)** to the recommendation. Therefore, the Court considers the motion to dismiss anew.

by Randall Burns. She alleges that she was injured when Mr. Burns slammed on the brakes and was further injured when the shuttle bus was rear-ended by another vehicle.

According to the Amended Complaint, this is not the first civil action in which Ms. Montgomery-Brooks has asserted claims arising from this incident. Ms. Montgomery-Brooks commenced a civil action in the Boulder District Court against RTD, Mr. Burns, and one other defendant not named in this lawsuit. Following a bench trial, the state court ruled against Ms. Montgomery-Brooks on the issue of liability, which had been bifurcated from the issue of damages for separate determination.

RTD and Mr. Burns move to dismiss Ms. Montgomery-Brooks' claims on the basis that they are barred under the doctrine of *res judicata*. In her opposition to the motion, Ms. Montgomery-Brooks argues that the doctrine of *res judicata* does not bar her claims because the state court only addressed liability, not damages, and because one of the defendants to the state court action is not a defendant in this case. She also contends that the state court's ruling was biased and that her trial was unfair because she was not allowed to "cross-examine" witnesses subpoenaed by the opposing side but who were not called at trial. She requests a new trial under Fed. R. Civ. P. 59 and Colo. R. Civ. P. 59.

### III. Issue Presented

The Court must determine whether it should dismiss Ms. Montgomery-Brooks' claims under the doctrine of *res judicata*. Because she is *pro se*, the Court construes her Amended Complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### IV.  Standard of Review

Although RTD and Mr. Burns do not specify the subsection of Rule 12(b) under which they move, the only subsection which could have any application is subection (6).  Under Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted.  There is a strong presumption against the dismissal of claims under this rule.  *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff.  *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the plaintiff can allege no set of facts in support of her claims is dismissal appropriate.  *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

The Court disregards matters outside the pleadings when determining a motion under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b); MSK Civ. Practice Standard V.H.2.b.iii.  However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

### V.  Analysis

The preclusive effect of a state court judgment is governed by state law.  *See Vanover v. Cook*, 260 F.3d 1182, 1187 (10th Cir. 2001).  In Colorado, "a final judgment is considered conclusive in any subsequent litigation that involves (1) the same claim for relief, (2) the same subject matter, and (3) the same parties or those in privity with them."  *See Continental Divide Ins. Co. v. Western Skies Management, Inc.,* 107 P.3d 1145, 1147 (Colo. App. 2004).  This is

known as the *res judicata* doctrine. Such doctrine also prevents a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment. *See id.*

All elements of the doctrine of *res judicata* are met in this case. According to the Amended Complaint, Ms. Montgomery-Brooks sued RTD and Mr. Burns in state court, and the state court issued a judgment in favor of RTD and Mr. Burns as to liability.[2] The state court complaint reveals that the claims asserted in the current lawsuit arise from the same exact incident as the claims asserted in state court.[3] The only difference between the two actions is that Ms. Montgomery-Brooks has not sued Greg Babl in the instant case, but such difference is of no importance to the *res judicata* analysis because all parties to this action were parties in the state court action. In addition, the Plaintiff asserts that at the time of the state court trial, Mr. Babl was no longer a party to the state civil action. Therefore, the Plaintiffs' claims are barred under the doctrine of *res judicata*.

In addition, to the extent that the Plaintiff commenced this lawsuit for the purpose of appealing from the state court's judgment or requesting a new trial, the Court lacks subject matter jurisdiction to consider her claims under the *Rooker-Feldman* doctrine.[4] The *Rooker-Feldman* doctrine prohibits a party who has lost a case in state court from seeking appellate review from a

---

[2] Ms. Montgomery-Brooks appears to believe that she is entitled to a trial on damages because her state court trial only addressed liability. This belief is ill founded. A party who does not prevail on the issue of liability on a claim is not entitled to damages with respect to such claim.

[3] RTD and Mr. Burns have attached a copy of the state court complaint to their motion to dismiss. Ms. Montgomery-Brooks does not contest its authenticity, and indeed, has attached her own copy of the complaint to her response brief. Because the Amended Complaint refers to the state court complaint but does not attach it, the Court considers the copy of such complaint attached to the motion to dismiss without converting the motion to dismiss into one for summary judgment. The Court disregards all other parol submissions.

[4] *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

federal district court. *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998). Appellate review of a state trial court's decision can only be sought in the state appellate courts and, eventually, in the United` States Supreme Court.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss **(#18)** is **GRANTED**. All of the Plaintiff's claims are dismissed. The Clerk of Court is directed to close this case.

Dated this 9th day of December, 2005

**BY THE COURT:**

*Marcia S. Krieger*
_____
Marcia S. Krieger
United States District Judge